Judge's Copy

FILED
AT ALBUQUERQUE NM
APR 2 6 2000
ROBERT M. MARCH
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CIV-00-0374 JC/LFG
    CR-99-099 JC

VICTOR PEREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Defendant's motion for reduction of sentence under 28 U.S.C. § 2255. Defendant pled guilty to one count of an indictment under 21 U.S.C. § 846 (conspiracy and distribution of methamphetamine). Defendant alleges that, because he is a deportable alien, the Federal Bureau of Prisons considers him ineligible for a pre-release custody program authorized under 18 U.S.C. § 3624. Defendant argues that his ineligibility for the program is a mitigating factor for which he was entitled to a two-point downward departure under 18 U.S.C. § 3553(b). His sentence calculation did not include the departure, and he asks that his sentence now be reduced accordingly. Defendant also claims his attorney provided ineffective assistance by failing to raise the issue.

The claim for reduction will be denied. "Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 2051 (1996)). Defendant cites to certain cases which, he asserts, have allowed the requested departure based on deportability. *See United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("downward departure may be appropriate where the defendant's status as a deportable alien is likely



to cause a fortuitous increase in the severity of his sentence"); *United States v. White*, 71 F.3d 920, 922 (D.C. Cir. 1995) (dicta, noting trial court ruling not included in appeal). Before the *Koon* decision, the Tenth Circuit had adopted the reasoning of the Second Circuit in rejecting deportable alien status as a basis for downward departure. *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993); *see United States v. Restrepo*, 999 F.2d 640, 647 (2d Cir. 1993) ("as a basis for downward departure, deportability is at best a factor at war with itself."). More recently, the First Circuit ruled "that [deportability] is insufficient, as a matter of law, to warrant a downward departure. *United States v. Clase-Espinal*, 115 F.3d 1054, 1056-60 (1st Cir.), *cert. denied*, 522 U.S. 957 (1997); *but cf. United States v. Rodriguez-Lopez*, 198 F.3d 773, 777 (9th Cir. 1999) (rejecting categorical approach). Defendant's deportability was not "sufficient to take the case out of the Guideline's heartland," *Koon*, 518 U.S. at 96, and he was not entitled to a reduction.

The claim for ineffective assistance of counsel will also be denied. Under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), Defendant is required to "show that [counsel's] performance fell below an objective standard of reasonableness and that [Defendant] was prejudiced thereby." *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995). Because the grounds of Defendant's underlying claim for reduction of sentence have been rejected in this circuit, his counsel's failure to assert the claim at sentencing was not unreasonable. Defendant's § 2255 motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion for reduction of sentence under 28 U.S.C. § 2255 is hereby DENIED with prejudice, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE